IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | Criminal No. 3:22-CR-0399-K |
| GREGORY FINCHER, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gregory Fincher's Motion to Dismiss the Indictment (the "Motion"). Doc. No. 25. Defendant was indicted under 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. *See generally* Doc. No. 1. Thereafter, the Government filed its Opposition to Motion to Dismiss (the "Response") (Doc. No. 27), Defendant filed a Reply (the "Reply") (Doc. No. 28), and the Government filed a Notice of Supplemental Authority (the "Notice") (Doc. No. 33). Defendant argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and "as-applied" to him with respect to the Second Amendment right to keep and bear arms. *See, e.g.,* Doc. No 25 at 1. Defendant also argues the § 922(g)(1) is facially unconstitutional because Congress exceeded the parameters of the Commerce Clause when it enacted this statute. *Id.* at 2. On January 8, 2025, the Court held a hearing on the Motion at which both sides presented oral argument. Because Fifth Circuit precedent forecloses Defendant's arguments that § 922(g)(1) is facially

1

unconstitutional and also supports the Court's conclusion that Defendant's "as-applied" argument fails, the Court **DENIES** the Motion.

It is well-established at this point that Defendant's constitutional challenge to § 922(g)(1) on the basis that Congress exceeded its authority under the Commerce Clause is expressly foreclosed by Fifth Circuit precedent. *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013) (emphasizing the Court's repeated holdings that § 922(g)(1) "is a valid exercise of Congress's authority under the Commerce Clause" and holding the constitutional challenge to that authority is "foreclosed.") (collecting cases); *see United States v. Jones,* 888 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024) (observing that *Alcantar* has not been "unequivocally" overruled by the Supreme Court and holding that the defendant's argument § 922(g)(1) violates the Commerce Clause is, therefore, foreclosed). Indeed, just one week ago, the Fifth Circuit summarily rejected this same argument based on the Commerce Clause, stating, "We have consistently upheld the constitutionality of § 922(g)(1) in the face of identical challenges. This argument is foreclosed." *United States v. Curry*, — F.4th —, 2025 WL 80109, at *1 (5th Cir. Jan. 13, 2025) (internal quotations omitted) (quoting *Alcantar*, 733 F.3d at 145).

Likewise, Defendant's facial challenge to § 922(g)(1) on the basis of the Second Amendment is unquestionable foreclosed by Fifth Circuit precedent. *See United States v. Diaz*, 116 F.4th 458, 465, 471-472 (5th Cir. 2024) (analyzing the defendant's facial challenge to § 922(g)(1) under *Bruen*'s "new historical paradigm for analyzing Second

2

Amendment claims" and holding that because the statute was valid as to the facts of his own case, the defendant's facial challenge to § 922(g)(1) cannot survive) (internal citation omitted); *see United States v. Contreras*, — F.4th —, 2025 WL 80107, at *2 (5th Cir. Jan. 13, 2025) ("A facial challenge fails if the law is constitutional in *any* set of circumstances. As the *Diaz* panel found at least one constitutional application of 922(g)(1), Contreras' facial challenge is foreclosed.") (internal citations omitted). In *Curry*, the Fifth Circuit confirmed last week that this specific facial challenge to the constitutionality of § 922(g)(1) is foreclosed. *See Curry*, — F.4th —, 2025 WL 80109, at *2 ("This argument [that § 922(g)(1) violates the Second Amendment], too, is foreclosed by precedent."); *id.* ("Because Diaz's conviction as a felon in possession was upheld, it follows that circumstances exist under which § 922(g)(1)'s prohibitions regarding a felon in possession of a firearm are not facially invalid."). The Court is not persuaded that this precedent is somehow distinguishable or may be disregarded. *See United States v. Barber*, — F.4th —, 2024 WL 5198587, at *3 (5th Cir. Dec. 23, 2024).

Finally, Defendant's as-applied challenge also fails. Following the Fifth Circuit's analysis in *Diaz*, the Court concludes that regulating Defendant's possession of a firearm by means of § 922(g)(1) "is consistent with our Nation's history of firearm regulation." *Diaz*, 116 F.4th at 467; *see id.*("In assessing similarity, we consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'"). In *Diaz*, the Fifth Circuit looked to the closest analogous crime in the colonial-era—horse theft—to

3

Diaz's predicate crime—vehicle theft—and determined those colonial-era laws "establish that our country has a historical tradition of severely punishing people like Diaz who have been convicted of theft." *Id.* at 468-69; *see also id.* at 467 ("The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)," so "[t]he burden thus shifts to the government" to show that the regulation of the defendant's "possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation.'"). The Fifth Circuit then concluded, upon reviewing the "why" and the "how" of these laws, that "if capital punishment was permissible to respond to theft [at the Founding], then the lesser restriction of permanent disarmament that §922(g)(1) imposes is also permissible." *Id.* at 469; *see id.* at 469-70 ("At that time, at least one of the predicate crimes that Diaz's § 922(g)(1) conviction relies on—theft—was a felony and thus would have led to capital punishment or estate forfeiture.").

Defendant's predicate offenses include multiple convictions for felony burglary. *Compare* Doc. No. 28 at 1 n.1 (identifying Defendant's prior felony convictions as three burglary of a building and one for burglary of a residence) *with* Doc. No. 33 at 2 (noting that Defendant has eight prior felony convictions for burglary). "The plain text of the Second Amendment covers the conduct prohibited by §922(g)(1)[.]" *Diaz*, 116 F.4th at 467. Therefore, the Government had the burden to show that the regulation of Defendant's "possession of a firearm is 'consistent with the Nation's historical tradition of firearm regulation." *Id.* The Government satisfied this burden by "identify[ing] a well-established and representative *analogue*, not a historical twin." *Id.* (quoting *N.Y.*

4

*State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 24, 30 (2022)); *see, e.g.,* Doc. No. 33 at 6-7.  As in *Diaz* which dealt with theft, the founding-era governments and laws treated burglary as a serious crime, and those laws establish a history and tradition of punishing burglary by means of capital punishment and estate forfeiture.  *See, e.g., Contreras*, — F.4th —, 2025 WL 80107, at *4 (identifying the Nation's "history and tradition" of punishing numerous felonies, including burglary, by death and estate forfeiture) (collecting authority); *United States v. Quiroz*, — F.4th —, 2025 WL 79718, at *7 (5th Cir. Jan. 13, 2025) ("Moreover, burglary was a capital offense in seven states at the founding[.]")(internal citation omitted); *United States v. Frazier*, 2024 WL 5113496, at *2 (W.D. La. Dec 12, 2024); *United States v. James*, Crim. Action. No. 3:22-CR-00319-X (N.D. Tex. Dec. 12, 2024)(Starr, J.), Doc. No. 71 at 2 (after the founding, "states followed suit in adopting death for burglary near the time of the founding.").

Moreover, in addition to capital punishment and estate forfeiture, there is a history and tradition in this Nation of permanent disarmament as a punishment for violators of colonial-era laws. *See Diaz*, 116 F.4th at 470-71 (examining evidence of the Nation's historical tradition of permanently disarming certain persons and remarking that, taken altogether, these "reveal that the right to bear arms at the time [of the Second Amendment's ratification] was not unlimited, and that the government could prevent people who had committed crimes or were 'quarrelsome' from accessing weapons.'").  These founding-era laws which regulated an individual's "right to bear

5

arms" as punishment "is comparable to that of § 922(g)(1)." *Id.* at 471. Thus, "[i]mposing permanent disarmament as a punishment is also within our Nation's history and tradition." *Id.*; *see United States v. Bullock*, 123 F.4th 183, 185 (5th Cir. 2024).

Because there is a longstanding history and tradition in this Nation of severe punishment (capital punishment or estate forfeiture) for burglary, the Court concludes that the permanent disarmament of Defendant "fits within this tradition of serious and permanent punishment." *Diaz*, 116 F.4th at 470. Accordingly, § 922(g)(1) is constitutional as applied to Defendant. Further, there is a sufficient historical analogue of firearm regulation as to permanent disarmament for violations of colonial-era laws in some cases. The Court concludes this provides an additional basis "supporting the application of § 922(g)(1)" to Defendant. *Id.* at 471.

For all these reasons, the Court **DENIES** Defendant's Motion.

**SO ORDERED.**

Signed January 22nd, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE